THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| EDDIE BYNUM,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>CAROLYN W. COLVIN,<br><br>　　　　　Defendant. | CASE NO. C15-5861-JCC-DWC<br><br>ORDER ADOPTING REPORT AND RECOMMENDATION |

This matter comes before the Court on the objections by Defendant Carolyn Colvin (Dkt. No. 25) and Plaintiff Eddie Bynum (Dkt. No. 26) to the report and recommendation (Dkt. No. 24) issued by the Honorable David W. Christel, United States Magistrate Judge. Having reviewed Judge Christel's report and recommendation, the parties' objections, and the relevant record, the Court OVERRULES the objections (Dkt. Nos. 25, 26) and ADOPTS the report and recommendation (Dkt. No. 24) for the reasons set forth herein.

**I.   BACKGROUND**

On April 26, 2012, Plaintiff Eddie Bynum filed an application for disability insurance benefits. AR 286. Bynum alleged that he became disabled on November 1, 2011 due to diabetes, pinched nerves, visual impairments, chronic headaches, and depression. *See* AR 286, 305. On May 9, 2014, Administrative Law Judge (ALJ) John W. Rolph found that Bynum was not disabled within the meaning of the Social Security Act (SSA). AR 157.

Bynum appealed, arguing that the ALJ erred by: (1) failing to find that Bynum's radiculopathy and related conditions[1] were severe; (2) rejecting the opinion of Bynum's treating provider, Lottie Sharp-York, Nurse Practitioner; and (3) failing to incorporate all of the limitations given by Cynthia Collingwood, Ph.D. into Bynum's residual functional capacity (RFC). (Dkt. No. 15 at 1.)

Judge Christel agreed with Bynum that the ALJ erred by failing to consider his radiculopathy a severe impairment. (Dkt. No. 24 at 1.) The ALJ reasoned that:

> There is no objective evidence, or opinion from an acceptable medical source, however, that [the radiculopathy] more than minimally affect[s] the claimant's ability to perform basic work activities. In addition, the claimant's reported activities of daily living, including his candid report that he usually walked 'a couple miles' between noon and 2pm, indicate that [the radiculopathy] do[es] not adversely affect his level of functioning.

AR 147. Judge Christel found this conclusion "both legally erroneous and unsupported by substantial evidence." (Dkt. No. 24 at 5.) He reasoned that an acceptable medical opinion is necessary for establishing an impairment's *existence*—not its *severity*. (*Id.* at 6.) Even so, he noted, there are multiple medical reports in the record that address Bynum's radiculopathy. (*Id.* at 5-6.) Judge Christel also stated that the alleged inconsistency with Bynum's daily activities was unsupported by substantial evidence, given that Bynum disputed the "couple miles" note and other evidence showed that his condition "slows him down." (*Id.* at 6-7); *see also* AR 531. Judge Christel reasoned that this error was not harmless, because the ALJ failed to consider Bynum's radiculopathy or its associated limitations again in the decision. (Dkt. No. 24 at 9.) Judge Christel recommends that the matter be reversed and remanded for further proceedings. (*Id.* at 2.)

The Commissioner objects to this recommendation, arguing that the ALJ's Step Two findings should be upheld. (Dkt. No. 25 at 2.) Bynum also objects, asserting that the matter should be remanded for an immediate award of benefits. (Dkt. No. 26 at 2.)

---

[1] Bynum identified the conditions as "Lumbar Degenerative Disc Disease and facet arthropathy." (Dkt. No. 15 at 1.)

ORDER ADOPTING REPORT AND
RECOMMENDATION
PAGE - 2

## II. DISCUSSION

### A. Legal Standards

A district judge reviews objections to a magistrate judge's report and recommendation *de novo*. Fed. R. Civ. P. 72(b)(3). The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions. *Id.*

A district court may disturb the Commissioner's decision to deny Social Security benefits "only if it is not supported by substantial evidence or based on legal error." *Martinez v. Heckler*, 807 F.2d 771, 772 (9th Cir. 1986). Substantial evidence means "relevant evidence that, considering the entire record, a reasonable person might accept as adequate to support a conclusion." *Lewis v. Apfel*, 236 F.3d 503, 509 (9th Cir. 2001). When the evidence before an ALJ is subject to multiple rational interpretations, this Court must defer to the ALJ's decision. *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1196 (9th Cir. 2004).

### B. Severe Limitations

The Commissioner asks the Court to affirm the ALJ's finding that Bynum's radiculopathy was not a severe limitation. (Dkt. No. 25 at 2.) A medically determinable impairment is "severe" if it "significantly limits [a claimant's] physical or mental ability to do basic work activities." 20 C.F.R. §§ 404.1520(a)(4)(iii), (c); 20 C.F.R. §§ 416.920(a)(4)(iii), (c); *see also* Social Security Ruling (SSR) 96-3p, 1996 WL 374181 at *1 (1996).

The Commissioner first asserts that Judge Christel "speculates that an MRI containing mild to moderate findings is proof of a condition that 'more than minimally affects the claimant's ability to perform basic work activity.'" (Dkt. No. 25 at 2) (quoting AR 147). The Commissioner maintains that this "conflicts with circuit precedent holding that mild to moderate MRI findings undermined" a disability claim. (Dkt. No. 25 at 2.) The cited "circuit precedent" makes no such pronouncement; rather, its holding is based on the particular facts of that case. *See Johnson v. Shalala*, 60 F.3d 1428, 1434 (9th Cir. 1995) (stating generally that the medical

evidence, which included an MRI, "does not support the degree of functional limitation claimed"). Judge Christel does not rely solely on the MRI to evaluate Bynum's functioning, but cites it to refute the ALJ's assertion that there was no objective medical evidence to support Bynum's claim. (*See* Dkt. No. 24 at 5-6.) Judge Christel also correctly notes that the lack of medical evidence is irrelevant, given that "once an impairment is medically established, the ALJ cannot require medical support to prove the *severity* of the pain." *Johnson*, 60 F.3d at 1433.

The Commissioner further asserts that Judge Christel erroneously reweighed the evidence by examining the record as to Bynum's mobility. (Dkt. No. 25 at 2.) This mischaracterizes Judge Christel's analysis. While the Court's review of the ALJ's evidentiary conclusions is deferential, it is not blind. The Court must determine whether the record contains "relevant evidence that, considering the entire record, a reasonable person might accept as adequate to support a conclusion." *Lewis v. Apfel*, 236 F.3d at 509. Here, Judge Christel noted that the evidence relied upon by the ALJ was singular, inconsistent with the remaining record, and disputed by the alleged source. (Dkt. No. 24 at 6-7.) Thus, he properly found that this evidence was not substantial. (*Id.*)

The Commissioner next alleges that Judge Christel performed an incorrect harmless error analysis, because Sharp-York's opinion addresses any omission of radiculopathy at Step Two. (Dkt. No. 25 at 3.) Sharp-York reported that Bynum suffered from radiculopathy and that he would "miss more than 2 days of work per month from even a sedentary job." AR 154. The ALJ gave little weight to Sharp-York's opinion as to his work absences, reasoning that it was "not consistent with the objective test results showing only 'mild' peripheral polyneuropathy." AR 154-55. Judge Christel stated that "by discounting [Bynum's] radiculopathy as not severe at Step Two, the ALJ effectively ignored one of the essential diagnoses underpinning Ms. Sharp-York's opinion, and then discounted Ms. Sharp-York's opinion as being in consistent with the remaining 'mild' diagnosis." (Dkt. No. 24 at 8.) For this reason, he concluded that "[t]he ALJ did not, in fact, consider [Bynum's] radiculopathy or is associated limitations again in the written decision."

ORDER ADOPTING REPORT AND
RECOMMENDATION
PAGE - 4

(*Id.* at 9.) Thus, Sharp-York's opinion does not actually compensate for the failure to consider radiculopathy a severe limitation. The Commissioner also asserts that the ALJ may discount testimony if he gives reasons germane to each witness for doing so. (Dkt. No. 25 at 3.) But the issue here is not whether the ALJ could reject Sharp-York's opinion; rather, the ALJ's reasoning for rejecting the opinion shows that he did adequately consider Bynum's radiculopathy.

The Court affirms Judge Christel's conclusion as to the ALJ's Step Two finding.

### C. Dr. Collingwood's Opinion

The Commissioner also challenges Judge Christel's treatment of Dr. Collingwood's opinion, arguing that the ALJ was entitled to silently disregard a report of normal functioning. (Dkt. No. 25 at 4.) This ignores the distinction Judge Christel makes between Dr. Collingwood's "Psychiatric Review Technique (PRT) assessment," where she noted that Bynum "functions within normal limits," and Dr. Collingwood's "*separate* mental residual functional capacity assessment," where she noted that Bynum had "moderately limited" ability to complete a normal work day. (Dkt. No. 24 at 10.) The ALJ was not entitled to silently disregard the latter.

### D. Remand for Proceedings or Benefits

Bynum objects to Judge Christel's recommendation that this matter be remanded for additional proceedings, rather than for an award of benefits. (Dkt. No. 26 at 1.) Generally, when the Court reverses an ALJ's decision, "the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation." *Benecke v. Barnhart*, 379 F.3d 587, 595 (9th Cir. 2004) (citations omitted). Thus, it is "the unusual case in which it is clear from the record that the claimant is unable to perform gainful employment in the national economy," that "remand for an immediate award of benefits is appropriate." *Id.* Benefits may be awarded where "the record has been fully developed" and "further administrative proceedings would serve no useful purpose." *Smolen*, 80 F.3d at 1292; *Holohan v. Massanari*, 246 F.3d 1195, 1210 (9th Cir. 2001).

Here, Judge Christel found that remand for additional proceedings was proper because

ORDER ADOPTING REPORT AND
RECOMMENDATION
PAGE - 5

1  the ALJ must reevaluate Sharp-York's opinion on remand. (Dkt. No. 24 at 9.) Judge Christel
2  further explained that "Sharp-York's opinion concerning Plaintiff's functional limitations
3  contradicts the less restrictive opinions of state agency medical consultants Wayne Hurley, M.D.
4  and Guillermo Rubio, M.D. . . . Thus, there is insufficient evidence in the record to establish
5  Plaintiff should be found disabled as a matter of law." (*Id.* at 9 n.4.)

6        Bynum first argues that, if Sharp-York's opinion is credited as true, the vocational expert
7  testimony demonstrates that Bynum is disabled. (Dkt. No. 26 at 2-3.) But, Judge Christel did not
8  determine that Sharp-York's opinion should be credited as true; rather he declined to address that
9  issue because the ALJ must reevaluate Sharp-York's opinion. (Dkt. No. 24 at 9.)

10        Bynum further argues that an opinion of a treating source is generally entitled to more
11  weight than a non-examining source, meaning that Sharp-York's opinion should be credited
12  above those of Dr. Hurley and Dr. Rubio. (Dkt. No. 26 at 4.) While this is a guiding principle,
13  the ALJ is not *required* to weigh medical opinions with this hierarchy. *See Lester v. Chater*, 81
14  F.3d 821, 830 (9th Cir. 1995) (if a treating doctor's opinion if it is contradicted by another
15  doctor, the ALJ may reject it by providing specific and legitimate reasons supported by
16  substantial evidence). Bynum further notes that Dr. Hurley and Dr. Rubio did not review
17  Bynum's MRI results and did not characterize Bynum's radiculopathy as severe. (*Id.* at 4-5.)
18  Again, while this may suggest that Sharp-York's opinion should be given more weight, it is not
19  for the Court to impose such restrictions on the ALJ at this time.

20        Bynum has not demonstrated that this is "the unusual case" where remand for benefits is
21  appropriate. The Court adopts Judge Christel's recommendation that the matter be remanded for
22  additional proceedings.

23  **III.   CONCLUSION**

24        For the foregoing reasons, the Court OVERRULES the objections (Dkt. Nos. 25, 26) and
25  ADOPTS the report and recommendation (Dkt. No. 24). This matter is REVERSED and
26  REMANED for additional proceedings consistent with the report and recommendation.

1   DATED this 29th day of July 2016.

_John C. Coughenour_
John C. Coughenour
UNITED STATES DISTRICT JUDGE

ORDER ADOPTING REPORT AND
RECOMMENDATION
PAGE - 7